1 | JEFFREY W. BROKER – State Bar No. 53226
2 | BROKER & ASSOCIATES
  | PROFESSIONAL CORPORATION
3 | 18111 Von Karman Avenue, Suite 460
  | Irvine, CA 92612-7152
4 | Telephone:  (949) 222-2000
  | Facsimile:  (949) 222-2022
5 | email: *jbroker@brokerlaw.biz*

6 | Attorneys for Plaintiff Yank Barry

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **WESTERN DIVISION**

11

12

13 | YANK BARRY, an individual,        Civil Case No.  2:15-CV-3439

14 |        Plaintiff

15 |                                   **COMPLAINT FOR:**
   |                                   1.  **BREACH OF CONTRACT;**
16 | vs.                               2.  **COMMON COUNT – MONEY PAID**
   |                                   3.  **COMMON COUNT – UNPAID**
17 | EVANDER HOLYFIELD, an                  **SERVICES RENDERED**
   | individual; HOLYFIELD             4.  **BREACH OF SECURITY**
18 | MANAGEMENT, INC., a                    **AGREEMENT;**
   | Georgia corporation, and DOES 1   5.  **RECOVERY OF PERSONAL**
19 | through 30, inclusive,                 **PROPERTY (CLAIM AND**
   |                                        **DELIVERY);**
20 |                                   6.  **JUDICIAL FORECLOSURE OF**
   |        Defendants                      **SECURITY INTERESTS IN**
21 |                                        **PERSONAL PROPERTY**

22

23 |        Yank Barry, an individual ("Plaintiff"), alleges as follows:

24 | <u>**JURISDICTION AND VENUE**</u>

25 |        1.    This Court has diversity jurisdiction under 28 U.S.C. §1332(a)(2).  The

26 | amount in controversy exceeds $75,000.00.

27

28

COMPLAINT

1    2.    Venue is proper in the Central District of California by the consent of

2  the parties to a mandatory forum selection clause in two of the written agreements

3  sued on herein that this proceeding is to be brought exclusively in the United States

4  District Court, Central District of California.  Further, the boxing memorabilia that is

5  the most valuable personal property collateral that is the subject matter of the

6  Security Agreement sued on herein is located in the Central District of California.

**PARTIES**

8    3.    Plaintiff is a citizen of Canada and a resident of Bulgaria.

9    4.    Plaintiff is informed and believes and thereon alleges that defendant

10  EVANDER HOLYFIELD ("EVANDER") is an individual residing in the State of

11  Georgia and a citizen of the United States.

12   5.    Plaintiff is informed and believes and thereon alleges that defendant

13  HOLYFIELD MANAGEMENT, INC. ("HMI") is a corporation organized under the

14  laws of the State of Georgia.

15   6.    Plaintiff does not know the true names or capacities of Does 1 through

16  30, inclusive, and sues these defendants by such fictitious names.  Plaintiff is

17  informed and believes and thereon alleges that each of the fictitiously named

18  defendants is responsible for and caused the events and damages alleged herein and

19  if joined in the future will not impact the diversity of citizenship that presently exists.

20  When Plaintiff ascertains the true names and capacities of Does 1 through 30,

21  inclusive, it will amend this complaint accordingly.

22   7.    Plaintiff is informed and believes and based upon such information and

23  belief, alleges that at all times relevant herein, there has existed, and currently exists,

24  such a unity of interest and ownership between HMI, on the one hand, and

25  EVANDER on the other hand, such that any individuality and separateness on the

26  part of the entity and EVANDER has ceased, and HMI is merely the alter ego of

27  EVANDER.

28

-2-
COMPLAINT·

8.   Plaintiff is further informed and believes and based upon such information and belief, alleges that at all times relevant herein, EVANDER has disregarded the corporate and/or other formalities of the entity defendant HMI, has grossly undercapitalized said entity defendant, and have participated in and/or permitted the use of HMI as a mere shell, instrumentality and conduit for the business of EVANDER.

9.   Plaintiff is further informed and believes and based upon such information and belief, alleges that at all times relevant herein, adherence to the fiction of the separate existence of HMI as a separate entity would permit an abuse of privilege of limited liability associated with said entity defendant and would permit injustice in that EVANDER would succeed in avoiding legally incurred liabilities while maintaining the benefits of said entity in the first place.

10.  Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant named herein was and is the agent, servant and/or employee of each of the other Defendants, and that all of the things alleged to have been done by each Defendant were done in the capacity of and as agent of the other Defendants.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11.  On or about December 29, 2013 Defendants Evander, HMI and Does 1 through 20, inclusive (collectively "Borrowers") made, executed and delivered a Promissory Note (the "Note") to Plaintiff to evidence loans of money to them in the principal amount of $621,133.00.  Pursuant to the Note, Borrowers became obligated to Plaintiff in the amount of $621,133.00.  The Note had a maturity date of June 1, 2014, at which time it became all due and payable.  A true and correct copy of the Note is attached hereto as Exhibit "1" and is incorporated herein by reference.

12.  The obligations of Borrowers were and are secured by a written Security Agreement dated December 29, 2013 (the "Security Agreement") in favor of

1   Plaintiff.  A true and correct copy of the Security Agreement is attached hereto as
2   Exhibit "2" and incorporated herein by reference.  Pursuant to the Security
3   Agreement, Plaintiff was granted a security interest in the Collateral described in
4   paragraph 13 below to which it as Lender would be entitled to resort in fulfillment of
5   all present and future obligations of Borrowers to Plaintiff under any and all loans,
6   advances, credit, and other financial accommodations extended by Plaintiff to
7   Borrowers, and all debts, obligations of them to Plaintiff, of any kind and nature,
8   whether due or not due, and whether the obligations may be or hereafter become
9   otherwise invalid or unenforceable, including the recovery of costs and expenses
10  incurred by Plaintiff in enforcing his rights thereunder.

11          13.     Pursuant to the Security Agreement, Borrowers granted to Plaintiff a
12  security interest in all of their right, title and interest in and to all of their assets,
13  including but not limited to, any and all memorabilia associated with EVANDER's
14  professional boxing career, personal property, fixtures, equipment, inventory, cash
15  and cash equivalents, deposit accounts, accounts, receivables, notes, documents,
16  instruments, chattel paper, general intangibles, choses in action, causes of action,
17  contract rights, rights to payment of money, real property, properties in the hands of
18  third party leasehold interest, leasehold improvements, all now owned and
19  hereinafter acquired and all proceeds thereof, as well as all now existing hereafter
20  acquired books, records, writings, information and other property relating to,
21  embodying, incorporating or referring to, any of the foregoing assets (collectively
22  and severally, the "Collateral").  The boxing memorabilia included within the
23  Collateral was itemized as follows:

24          1.      Item No. 37705     Titled "40th Birthday Artwork"
25          2.      Item No. 33704     "The Comer" lithograph signed by Evander
26                                      Holyfield to his mother
27          3.      Item No. 37652     The 1998 Father of the Year Award
28

4.    Item No. 37736    The 1996 Tyson fight worn gloves

5.    Item No. 37382    The 1984 Byarm fight worm gloves

6.    Item No. 37633    The 1993 WBA championship belt

7.    Item No. 37634    The 1993 IBF championship belt

8.    Item No. 37476    The 1990 WBA championship belt

9.    Item No. 37638    The 1990 IBF championship belt

10.    Item No. 37639    The 1990 WBC championship belt

11.    Item No. 37628    1986 WBA junior heavyweight belt

12.    Item No. 37052    The 1983 Pam Am Games silver medal

13.    Item No. 37331    The 1984 Golden Gloves ring

14.    Item No. 37351    Olympic ring

15.    Item No. 38010    Olympic coin set

16.    Item No. 37377    The 1990 Douglas fight robe

17.    Item No. 37947    The 1986 Qawi fight robe

18.    Item No. 37378    The Olympic robe

19.    Item No. 37379    The 1984 Byarm fight robe

14.    Plaintiff's security interest in the Collateral was and is perfected pursuant to the filing of the following UCC Financing Statements:

(a)  With the office of the Secretary of State of Georgia on January 13, 2014 as document number 56-2014-0073.  A true and correct copy of the aforementioned Financing Statement is attached hereto as Exhibit "3" and incorporated herein by reference;

(b)  With the office of the Secretary of State of Florida on January 15, 2014 as document number 201400560886.  A true and correct copy of the aforementioned Financing Statement is attached hereto as Exhibit "4" and incorporated herein by reference;

1    (c)  With the office of the Secretary of State of California on January 28, 2014

2    as document number 14-7397234838.  A true and correct copy of the aforementioned

3    Financing Statement is attached hereto as Exhibit "5" and incorporated herein by

4    reference.

5    15.    Hereinafter the Note, Security Agreement and Financing Statements,

6    and all other agreements and other documents executed in connection with the loan

7    transaction, shall collectively be referred to as the "Transaction Documents."

8    **FIRST CLAIM FOR RELIEF**

9    **BREACH OF CONTRACT**

10   **(AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)**

11   16.    Plaintiff hereby incorporates by reference paragraphs 1 through 15,

12   inclusive, hereinabove by reference as if fully set forth herein.

13   17.    At all relevant times mentioned herein, Plaintiff was and is the lawful

14   holder of the Note and the Transaction Documents.

15   18.    Plaintiff has performed all of the terms and conditions required on his

16   part to be performed pursuant to the Transaction Documents.

17   19.    Defendants and each of them defaulted under the Transaction

18   Documents, as a result of, but not limited to, the failure of Defendants to pay the

19   obligations due under the Note at its maturity.

20   20.    As of April 17, 2015, as a direct and proximate result of the

21   nonpayment of the Note, Plaintiff has suffered damages in the principal amount of

22   $261,133.89 plus interest accruing as of a time to be determined by the Court,

23   together with costs and expenses incurred, including attorneys' fees in an amount to

24   be established according to proof.

25   21.    The Note provides that the prevailing party in any action to collect

26   payment thereof shall be entitled to all costs and expenses incurred, including

27   attorneys' fees.

28

## SECOND CLAIM FOR RELIEF

### COMMON COUNT - MONEY LENT

### (AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)

22.　Plaintiff hereby incorporates by reference paragraphs 1 through 15, inclusive, hereinabove by reference as if fully set forth herein.

23.　Within two year last past, Plaintiff has lent moneys for the use and benefit of Defendants in the amount of $155,566.50.

24.　Although demand has been made, Defendants have not repaid Plaintiff the amounts previously paid for their benefit, to the Plaintiff's damage in the amount of $155,566.50.

## THIRD CLAIM FOR RELIEF

### COMMON COUNT – UNPAID SERVICES RENDERED

### (AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)

25.　Plaintiff hereby incorporates by reference paragraphs 1 through 15, inclusive, hereinabove by reference as if fully set forth herein.

26.　Within two year last past, Plaintiff has performed services at the specific instance and request of and for the use and benefit of Defendants in the amount of $55,000.00.

27.　Although demand has been made, Defendants have not paid Plaintiff the amount representing the services previously performed for their benefit, to the Plaintiff's damage in the amount of $55,000.00.

## FOURTH CLAIM FOR RELIEF

### BREACH OF SECURITY AGREEMENT

### (AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)

28.　Plaintiff hereby incorporates by reference paragraphs 1 through 27, inclusive, hereinabove by reference as if fully set forth herein.

29.     Pursuant to the Security Agreement, Plaintiff was granted a security interest in the Collateral described in paragraph 13 hereinabove to which it as Lender would be entitled to resort in fulfillment of all present and future obligations of Borrowers to Plaintiff under any and all loans, advances, credit, and other financial accommodations extended by Plaintiff to Borrowers, and all debts, obligations of them to Plaintiff, of any kind and nature, whether due or not due, and whether the obligations may be or hereafter become otherwise invalid or unenforceable, including the recovery of costs and expenses incurred by Plaintiff in enforcing his rights thereunder.

30.     Plaintiff has performed all of the terms and conditions required to be performed on his part pursuant to the Transaction Documents and, in particular, pursuant to the Security Agreement.

31.     Borrowers defaulted under the terms of the Transaction Documents, including without limitation the Security Agreement, by, among other things failing to comply with the Transaction Documents, as described in detail in the First, Second and Third Claims for Relief above setting forth Plaintiff's monetary damages resultant from the failure on the part of Defendants to pay their monetary obligations to Plaintiff in the total amount of $471,700.39.

32.     By virtue of the Security Agreement and California Commercial Code ("CUCC") Section 9609, Plaintiff is entitled to the immediate and exclusive possession of the Collateral.  Pursuant to CUCC Sections 9610 and 9611, Plaintiff may provide notice of sale and sell the Collateral in a commercially reasonable manner, with Borrowers remaining liable for the deficiency after said notice and sale, plus interest accruing as of a time to be determined by the Court and charges thereon.

33.     Pursuant to the Security Agreement, Plaintiff is also entitled to the recovery of costs and expenses incurred by Plaintiff in enforcing his rights thereunder.

-8-
COMPLAINT-

## FIFTH CLAIM FOR RELIEF

### RECOVERY OF PERSONAL PROPERTY

### (CLAIM AND DELIVERY)

### (AGAINST EVANDER, HMI AND DOES 1 THROUGH 30)

34.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, hereinabove by reference as if fully set forth herein.

35.    The Transaction Documents sued on herein further provide, among other things, that upon breach of the terms thereof Plaintiff is entitled to take possession of the Collateral and thereafter proceed to foreclose upon and sell the same pursuant to the provisions of the CUCC (CUCC §9609 et seq.).

36.    Plaintiff is informed and believes and thereon alleges that the Collateral is in the hands of a third party, Julien's Entertainment.com, Inc., d/b/a Julien's Auctions, a  corporation ("Julien's") and/or Does 1 through 30, inclusive.  Plaintiff is further informed and believes that Julien's will turn over the Collateral to the Plaintiff once an Order of Court is obtained confirming Plaintiff's right to possession of the Collateral.

## SIXTH CLAIM FOR RELIEF

### JUDICIAL FORECLOSURE OF SECURITY INTERSTS IN

### PERSONAL PROPERTY

### (AGAINST ALL DEFENDANTS)

37.    Plaintiff hereby incorporates by reference paragraphs 1 through 36, inclusive, hereinabove by reference as if fully set forth herein.

38.    In the alternative to the relief sought in the Third Claim for Relief, upon the default under the Transaction Documents in general and the Security Agreement in particular, Plaintiff shall have and may exercise all rights and remedies accorded to him by the CUCC, including pursuant to judicial process (CUCC §§9609(a)(1) and (b)(1)).

WHEREFORE, Plaintiff prays for judgment as follows:

### FIRST CLAIM FOR RELIEF

1.     The principal amount of $261,133.80 plus interest accruing as of a time to be determined by the Court.

### SECOND CLAIM FOR RELIEF

2.     The principal amount of $155,566.50 plus interest accruing as of a time to be determined by the Court.

### THIRD CLAIM FOR RELIEF

3.     The principal amount of $55,000.00 plus interest accruing as of a time to be determined by the Court.

### FOURTH CLAIM FOR RELIEF

4.     The principal amount of $471,700.39 plus interest accruing as of a time to be determined by the Court.

### FIFTH CLAIM FOR RELIEF

5.     For an order for the return of the Collateral described in the Security Agreement or, in the alternative, that Defendants be required to pay the actual value of the Collateral according to proof;

6.     For judgment giving Plaintiff the right to the immediate and exclusive possession of the Collateral for the purpose of the sale or liquidation thereof.

7.     For the sale of the Collateral by Plaintiff or the levying officer in a commercially reasonable manner in accordance with the CUCC.

8.     That Plaintiff be permitted to be a purchaser at the sale.

9.     That the proceeds of the sale be applied in the following order:

     a.     To the costs of taking, keeping and selling the Collateral;

     b.     To the costs of suit and attorneys' fees incurred herein;

     c.    To the satisfaction of the judgment rendered herein, interest thereon from a date as determined by the Court and other charges under the Transaction Documents; and

     d.    Otherwise as ordered by the Court with Defendants to remain liable to Plaintiff for any deficiency after the sale of the Collateral.

## SIXTH CLAIM FOR RELIEF

10.    For an order giving Plaintiff the right to the immediate and exclusive possession of the Collateral.

11.    For the judicial sale of the Collateral according to law by a levying officer or commissioner to be appointed by the Court pursuant to such procedure that the Court approves for the sale of the Collateral.

12.    That Plaintiff be permitted to become a purchaser at the sale.

13.    That the proceeds of the sale be applied in the following order:

     a.    To the costs of taking, keeping and selling the Collateral;

     b.    To the costs of suit and attorneys' fees incurred herein;

     c.    To the satisfaction of the judgment rendered herein, interest thereon from a date as determined by the Court and other charges under the Transaction Documents; and

     d.    Otherwise as ordered by the Court with Defendants to remain liable to Plaintiff for any deficiency after the sale of the Collateral.

## AS TO ALL CLAIMS FOR RELIEF

14.    For Plaintiff's attorneys' fees to the extent called for under its written agreements with Defendants.

15.    For Plaintiff's costs of suit incurred herein.

16.    For such other legal and equitable relief as is just and proper.

16.     For such other legal and equitable relief as is just and proper.

DATED:  May 7, 2015                    **BROKER & ASSOCIATES**
                                       **PROFESSIONAL CORPORATION**

                                       By: _____/s/_____
                                            Jeffrey W. Broker
                                       Attorneys for Plaintiff Yank Barry

# EXHIBIT 1

# PROMISSORY NOTE

$ 621,133

December 29, 2013

Sarasota, Florida

FOR VALUE RECEIVED, Evander Holyfield ("Maker") promises to pay to Yank Barry ("Holder"), or to his order, the principal sum of Six Hundred, Twenty-One Thousand, One Hundred and Thirty-Three Dollars ($621,133), ~~with interest from the date of this Note on unpaid principal owing from time to time at the rate of five percent (5 %) per annum until fully paid:~~  *6 t*  *12-30-13*

Maker shall make interest payments on this Note on or before the fifteenth day of each month until June 1, 2014 (the "Maturity Date").  Payments on principal on this Note shall be made from immediately available funds as and when such funds become available to Maker from the date of this Note until June 1, 2014 ("Maturity Date").

Principal plus all accrued but unpaid interest on such principal shall be due and payable on the Maturity Date.

Maker shall make payments in lawful money of the United States of America and in immediately available funds.

Computations of interest shall be based on a year of 360 days but shall be calculated for the actual number of days in the period for which interest is charged.
or at such other address as Holder or his Order shall direct Maker in writing.

This Note may be prepaid in whole or in part, without penalty, at the option of Maker and without the consent of Holder.  All payments shall be applied first to accrued and unpaid interest and then to the principal balance outstanding.

Should Maker default in the payment of interest when due, the whole sum of principal and interest due under this Note shall, at the option of Holder, be immediately due and payable without further demand or notice.

This Note shall be governed by the laws of the State of California excluding its conflict of law rules. The exclusive jurisdiction and venue of any legal action instituted by any party to this Note shall be the United States District Court for the Central District of California.
Maker waives presentment, protest, and demand, notice of protest, notice of demand, and dishonor, and notice of nonpayment of this Note. Maker expressly agrees that this Note or any payment under this Note may be extended by Holder from time to time without in any way affecting the liability of Maker.

The prevailing party in any action (i) to collect payment on this Note, (ii) in connection with any dispute that arises as to its enforcement, validity, or interpretation, whether or not legal action is instituted or prosecuted to judgment, or (iii) to enforce any judgment obtained in any related legal proceeding, shall be entitled to all costs and expenses incurred, including attorney's fees.

If any provision or any word, term, clause, or part of any provision of this Note shall be invalid for any reason, the same shall be ineffective, but the remainder of this Note and of the provision shall not be affected and shall remain in full force and effect.

Any of the terms or conditions of this Note may be waived by Holder, but no such waiver shall affect or impair the rights of Holder to require observance, performance, or satisfaction, either of that term or condition as it applies on a subsequent occasion or of any other term or condition of this Note.

This Note is secured by a security interest in certain assets of Maker more fully described in the Security Agreement dated the same date as this Note between Maker, as debtor, and Holder, as secured party.

The undersigned consent ot the Holder exexuting and filing a UCC Financing Statement in such jurisdictions Holder determines to be necessary and appropriate to perfect the security interests granted by the accompanying Security Agreement.

Holyfield Management, Inc. ,
a Georgia Corporation

By: _____
        Evander Holyfield
        President

_____
        Evander Holyfield
        Individually

*No interest will be accrued in regards to Evander Holyfield; 1st paragraph = 5%*

2

# EXHIBIT 2

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT (the "Security Agreement") is made and dated as of December 29, 2013, by and between Holyfield Management, Inc. ("HMI"), a Georgia corporation and Evander Holyfield, on the one hand, (the "Borrowers"), and Yank Barry, individually, or his Order, on the other hand (the "Lender(s)").

### RECITALS

A. As of the date of this Agreement, Lenders loaned Borrowers the sum of $ 621,133 and such future additional funds as may from time to time be agreed upon by Lenders and Borrowers (the "Loan"), pursuant to the terms of a Secured Promissory Note dated December 29, 2013 with this Agreement executed by Borrowers in favor of Lender in the principal amount of $621,133 (the "Promissory Note").

B. As a material inducement for Lenders to make the Loan to Borrowers pursuant to the terms of the Promissory Note, Borrowers have agreed to provide collateral security for the performance of their obligations and liabilities under the Promissory Note, pursuant to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto hereby agree as follows:

### AGREEMENT

1. Obligations. The obligations secured by this Security Agreement (collectively and severally, the "Obligations") shall consist of any and all present and future obligations of Borrowers to Lenders under any and all loans, advances, credit, and other financial accommodations extended by Lenders to Borrowers, and all debts, obligations, and liabilities of Borrowers to Lenders, of any kind and nature, whether due or not due, and whether the obligations may be or hereafter become otherwise invalid or unenforceable (including, without limitation, costs and expenses incurred by Lender in enforcing its rights under this Security Agreement).

2. Grant of Security Interest. In order to secure payment and performance of the Obligations, Borrowers hereby pledges, assigns and grants to Lenders a security interest in all right, title and interest of Borrowers in and to all of the assets of Borrowers including, but not limited to, any and all memorabilia associated with his professional boxing career, personal property, fixtures, equipment, inventory, cash and cash equivalents, deposit accounts, accounts, receivables, notes, documents, instruments, chattel paper, general intangibles, choses in action, causes of action, contract rights,

rights to payment of money, real property, properties in the hands of third party, leasehold interest, leasehold improvements, all now owned and hereinafter acquired and all proceeds thereof, as well as all now existing and hereafter acquired books, records, writings, information and other property relating to, embodying, incorporating or referring to, any of the foregoing assets (collectively and severally, the "Collateral").  The boxing memorabilia referred to herein is listed in <u>Schedule A</u> attached hereton.

3.  <u>Representations and Warranties</u>. Borrowers hereby represent and warrants that:

(a) Borrowers are the sole owner of and have good and marketable title to the Collateral (or, in the case of after-acquired Collateral, at the time Borrowers acquire rights in the Collateral) and, except as otherwise disclosed in writing to Lenders, no person has (or, in the case of after-acquired Collateral, at the time Borrowers acquire rights therein, will have) any right, title, claim or interest (by way of security interest, mortgage, pledge, lien, charge or other encumbrance in), against or to the Collateral;

(b) To the knowledge of Borrowers after diligent inquiry, all information heretofore, herein or hereafter supplied to the Lenders by or on behalf of Borrowers with respect to the Collateral and the business of Borrowers is accurate and complete in all material respects;

(c) The exact legal name of HMI as to the extent applicable that name appears on its articles of incorporation, the type and jurisdiction of organization of HMI, and the chief executive office of HMI are as set forth herein;

(d) HMI is duly organized, existing and in good standing under the laws of the state of its incorporation and in every other state in which it is doing business; and

(e) The execution, delivery and performance of this Security Agreement are within the corporate power of HMI, have been duly authorized, are not in contravention of law or any of the terms of HMI's articles of incorporation or bylaws, or of any other indenture, agreement or undertaking to which HMI is a party or by which it is bound.

4.  <u>Covenants and Agreements of the Borrowers</u>. Borrowers hereby agree, at no cost or expense to Lenders:

(a) To do all acts (including execution of such other documents as Lenders may request) that may be reasonably necessary to maintain, preserve, protect, and defend the Collateral, including Borrowers' title thereto, and the security interest of Lenders therein;

(b) To not, without the prior written consent of Lenders, pledge, mortgage, encumber, or otherwise permit the Collateral to be subject to any lien, security, or charge other than those that may be in place as of the date of this Security Agreement;

(c) To not, without the prior written consent of Lenders, remove the Collateral or any records concerning the Collateral from its chief executive office of HMI;

(d) To not change HMI's legal name, location, mailing address, type of organization, jurisdiction of organization, or chief executive office prior to giving at least ten (10) Business Days' written notice to Lenders; and

(e) To allow, at all reasonable times, and from time to time, without the necessity of any prior notice or demand, Lenders by or through any of their officers, agents, attorneys, accountants, or other representative, to examine or inspect the Collateral wherever the same may be located and to examine, inspect, and make copies of Borrowers' books and records respecting any or all of the Collateral.

5. <u>Authorized Action by Lenders</u>. Borrowers hereby agrees that, at any time, without presentment, or demand, and without affecting or impairing in any way the rights of the Lenders with respect to the Collateral, the obligations of Borrowers hereunder or the Obligations, Lenders may, but shall not be obligated to and shall incur no liability to Borrowers or any third party for failure to, take any action that Borrowers are obligated by this Security Agreement to do and to exercise such rights and powers as Borrowers might exercise with respect to the Collateral, (including the execution, filing and perfection of a UCC Financing Statement in any state or jurisdiction that Lenders deem necessary or appropriate to perfect, maintain and continue the security interest), gratned by Bororowers to Lenders in the Collateral, and Borrowers hereby irrevocably appoint Lenders as their attorney-in-fact to exercise such rights and powers. Borrowers agree to reimburse Lenders upon demand for any costs and expenses, including, without limitation, reasonable attorney's fees, Lenders may incur while acting as Borrowers' attorney-in-fact hereunder, all of which costs and expenses are included in the Obligations secured hereby. Borrowers further agree that Lenders will not be responsible for any error, negligence, or for any sort of act or omission not amounting to willful misconduct, arising out of the exercise of the rights and powers of Borrowers by Lenders as attorney-in-fact.

6. <u>Remedies</u>.

(a) As used herein, the term "Event of Default" shall mean, with respect to Borrowers, the occurrence of any of the following:

(1) Failure of Borrowers at any time to pay in full and as and when due any Obligations or failure of Borrowers to perform any of the warranties, covenants or provisions contained or referred to herein or in any agreement, document or other instrument evidencing any of the Obligations;

(2) Subjection by Borrowers of any of the Collateral to execution or other judicial process, or the loss, theft, substantial damage, destruction, transfer (other than in the ordinary course of Borrowers' business) or the encumbrance of any of the Collateral;

(3) Death, dissolution, termination of existence, insolvency, business failure, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrowers or any guarantor or surety for the Obligations; and

(4) A breach by Borrowers of any term of this or any other agreement between Borrowers and Lenders.

(b) Upon the occurrence of an Event of Default, Lenders:

(1) Shall have and may exercise all rights and remedies accorded to Lenders by the California Uniform Commercial Code.

(2) May declare all unperformed Obligations, in whole or in part, of Borrowers immediately due and payable without demand or notice.

(3) May require Borrowers to take any and all action necessary to make the Collateral available to Lenders.

(c) Borrowers expressly waives any constitutional or other right to a judicial hearing prior to the time Lenders takes possession or disposes of the Collateral upon occurrence of an Event of Default.

(d) Any deficiency with respect to the Secured Obligations that exists after the disposition or liquidation of the Collateral shall be a continuing liability of the Borrowers to the Lenders and shall be immediately paid by the Borrowers to or for the benefit of the Lenders.

(e) All of Lenders's rights and remedies, whether evidenced by this Security Agreement or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lenders to pursue any remedy shall not exclude pursuit of any other remedy.

7. Miscellaneous.

(a) The terms of this Security Agreement may not be changed, varied, modified or altered except by a writing signed by both parties and specifically referring to this Security Agreement.

(b) All notices given by any party to the other shall be in writing unless otherwise provided for herein, delivered by facsimile transmission, by personal delivery or by overnight courier, addressed to the party as set forth below. Any party may change the address to which notices are to be sent by notice of such change to each other party given as provided herein. Such notices shall be effective on the date received. All notices given by any party to the other shall be in writing unless otherwise provided for herein, delivered by facsimile transmission, by personal delivery or by overnight courier, addressed to the party as set forth below. Any party may change the address to which notices are to be sent by notice of such change to each other party given as provided herein. Such notices shall be effective on the date received.

(c) This Security Agreement shall be governed by and construed in accordance with the internal laws of the State of California without giving effect to its choice of law rules except to the extent that the California Uniform Commercial Code would apply the law of another jurisdiction.  Venue over all disputes arising under or related to this Security Agreement shall be in the U.S. District Court for the Central District of California.

(d) Borrowers agree that a facsimile copy of this Security Agreement shall be considered an original and shall be admissible in a court of law to the same extent as the original document.

IN WITNESS WHEREOF, the parties hereto have signed this Security Agreement as of the day and year first above written.

Yank Barry [or His Order]

Holyfield Management, Inc.

X _____
         Evander Holyfield
         President

         230 Lakemont Dr
         Address
         Fayetteville Ga
         30215

X _____
         Evander Holyfield
         Individually

**ATTACHMENT A**

Evander Holyfield Memorabilia

1.      Item No. 37705      Titled "40th Birthday Artwork"

2.      Item No. 37704      "The Comer" lithograph signed by Evander
        Holyfield to his mother

3.      Item No. 37652      The 1998 Father of the Year Award

4.      Item No. 37736      The 1996 Tyson fight worn gloves

5.      Item No. 37382      The 1984 Byarm fight worn gloves

6.      Item No. 37633      The 1993 WBA championship belt

7.      Item No. 37634      The 1993 IBF championship belt

8.      Item No. 37476      The 1990 WBA championship belt

9.      Item No. 37638      The 1990 IBF championship belt

10.     Item No. 37639      The 1990 WBC championship belt

11.     Item No. 37628      1986 WBA junior heavyweight belt

12.     Item No. 37052      The 1983 Pan Am Games silver medal

13.     Item No. 37331      The 1984 Golden Gloves ring

14.     Item No. 37351      Olympics ring

15.     Item No. 38010      Olympic coin set

16.     Item No. 37377      The 1990 Douglas fight robe

17.     Item No. 37947      The 1986 Qawi fight robe

18.     Item No. 37378      The Olympics robe

19.     Item No. 37379      The 1984 Byarm fight robe

EXHIBIT 3

56 - 2014 - 0 0 7 3

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

2014 JAN 13 PM 3 56

FAYETTE COUNTY, GEORGIA
SHEILA STUDDARD, CLERK

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Ronald A. DiNicola

**B. E-MAIL CONTACT AT FILER (optional)**
Ronald@DiNicolaGroup.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Ronald A. DiNicola, Esq.
DiNicola Law Offices
1001 State Stret, Suite 1400
Erie Pennsylvania 16501

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **1b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Holyfield | Evander | N/A | N/A |
| **1c. MAILING ADDRESS** | CITY | STATE / POSTAL CODE | COUNTRY |
| 230 Lakemont Drive | Fayetteville | GA / 30215 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Holyfield Management, Inc. | | | |
| **2b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| **2c. MAILING ADDRESS** | CITY | STATE / POSTAL CODE | COUNTRY |
| P.O. Box 143420 | Fayetteville | GA / 30214 | USA |

**3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):**  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **3b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Barry | Yank | Gerald | |
| **3c. MAILING ADDRESS** | CITY | STATE / POSTAL CODE | COUNTRY |
| 26 Tzanko Tzerkovski Street Floor 3 | Sofia | / 1164 | BG |

**4. COLLATERAL:**  This financing statement covers the following collateral:

In all right, title and interest of Debtors in and to all of the assets of Debtors including, but not limited to, any and all memorabilia associated with his professional boxing career, personal property, fixtures, equipment, inventory, cash and cash equivalents, deposit accounts, accounts, receivables, notes, documents, instruments, chattel paper, general intangibles, choses in action, causes of action, contract rights, rights to payment of money, real property, properties in the hands of third party, leasehold interest, leasehold improvements, all now owned and hereinafter acquired and all proceeds thereof, as well as all now existing and hereafter acquired books, records, writings, information and other property relating to, embodying, incorporating or referring to, any of the foregoing assets (collectively and severally, the "Collateral").  Certain of the boxing memorabilia referred to herein is listed below and continued on UCC Financing Statement Addendum.

1. Item No. 37705 Titled "40th Birthday Artwork"
2. Item No. 37704 "The Comer"  lithograph signed by Evander  Holyfield to his mother
3. Item No. 37652 The 1998 Father of the Year Award
4. Item No. 37736 The 1996 Tyson fight worn gloves
5. Item No. 37382 The 1984 Byarm fight worn gloves

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7.** ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8.** OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

56 - 2014 - 0073

## UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME | |
|---|---|

OR

| 9b. INDIVIDUAL'S SURNAME | |
|---|---|
| Holyfield | |

| FIRST PERSONAL NAME | |
|---|---|
| Evander | |

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|
| N/A | |

2014 JAN 13  PM 3 56

FAYETTE COUNTY, GEORGIA
SHEILA STUDDARD, CLERK

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

OR

| 10b. INDIVIDUAL'S SURNAME | | | | | |
|---|---|---|---|---|---|
| INDIVIDUAL'S FIRST PERSONAL NAME | | | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | | SUFFIX |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**11.** ☐ ADDITIONAL SECURED PARTY'S NAME _or_ ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| 11a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

6. Item No. 37633 The 1993 WBA championship belt
7. Item No. 37634 The 1993 IBF championship belt
8. Item No. 37476 The 1990 WBA championship belt
9. Item No. 37638 The 1990 IBF championship belt
10. Item No. 37639 The 1990 WBC championship belt
11. Item No. 37628 1986 WBA junior heavyweight belt
12. Item No. 37052 The 1983 Pan Am Games silver medal
13. Item No. 37331 The 1984 Golden Gloves ring
14. Item No. 37351 Olympics ring
15. Item No. 38010 Olympic coin set
16. Item No. 37377 The 1990 Douglas fight robe
17. Item No. 37947 The 1986 Qawi fight robe
18. Item No. 37378 The Olympics robe
19. Item No. 37379 The 1984 Byarm fight robe

| **13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | **14.** This FINANCING STATEMENT: ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing |
|---|---|
| **15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | **16.** Description of real estate: |

**17. MISCELLANEOUS:**

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

EXHIBIT 4

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
## 2014 Jan 15 AM 08:00
**** 201400560886 ****
***C * 01151456982201-41.00***41.00***

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**
Ronald A. DiNicola, 814-450-3174, Ronald@DiNicolaGroup.com
**B. Email Address**

**C. SEND ACKNOWLEDGEMENT TO:**
Name    Ronald A. DiNicola, Esq.
Address   DiNicola Law Offices
Address   1001 State Street, Suite 1400
City/State/Zip   Erie Pennsylvania 16501

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

| 1.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1.b INDIVIDUAL'S SURNAME Holyfield | FIRST PERSONAL NAME Evander | ADDITIONAL NAME(S)/INITIAL(S) N/A | SUFFIX N/A |
| 1.c MAILING ADDRESS Line One 230 Lakemont Drive | This space not available. | | |
| MAILING ADDRESS Line Two | CITY Fayetteville | STATE GA | POSTAL CODE 30215 | COUNTRY USA |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

| 2.a ORGANIZATION'S NAME Holyfield Management, Inc. | | | |
|---|---|---|---|
| 2.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2.c MAILING ADDRESS Line One P.O. Box 143420 | This space not available. | | |
| MAILING ADDRESS Line Two | CITY Fayetteville | STATE GA | POSTAL CODE 30214 | COUNTRY USA |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (3a OR 3b)**

| 3.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3.b INDIVIDUAL'S SURNAME Barry | FIRST PERSONAL NAME Yank | ADDITIONAL NAME(S)/INITIAL(S) Gerald | SUFFIX |
| 3.c MAILING ADDRESS Line One 26 Tzanko Tzerkovski Street Floor 3 | This space not available. | | |
| MAILING ADDRESS Line Two | CITY Sofia | STATE | POSTAL CODE 1134 | COUNTRY BG |

**4. This FINANCING STATEMENT covers the following collateral:**

In all right, title and interest of Debtors in and to all of the assets of Debtors including, but not limited to, any and all memorabilia associated with his professional boxing career, personal property, fixtures, equipment, inventory, cash and cash equivalents, deposit accounts, accounts, receivables, notes, documents, instruments, chattel paper, general intangibles, choses in action, causes of action, contract rights, rights to payment of money, real property, properties in the hands of third party, leasehold interest, leasehold improvements, all now owned and hereinafter acquired and all proceeds thereof, as well as all now existing and hereafter acquired books, records, writings, information and other property relating to, embodying, incorporating or referring to, any of the foregoing assets (collectively and severally, the "Collateral"). Certain of the boxing memorabilia referred to herein is listed below and continued on UCC Financing Statement Addendum.
1. Item No. 37705 Titled "40th Birthday Artwork"
2. Item No. 37704 "The Comer" lithograph signed by Evander Holyfield to his mother
3. Item No. 37652 The 1998 Father of the Year Award
4. Item No. 37736 The 1996 Tyson fight worn gloves

**5. ALTERNATE DESIGNATION (if applicable)**  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ AG LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX**
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.05/2013)          Filing Office Copy          Approved by the Secretary of State, State of Florida

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE
# FINANCING STATEMENT FORM – ADDENDUM

**8. NAME OF FIRST DEBTOR (1aOR 1b) ON RELATED FINANCING STATEMENT**

8a. ORGANIZATION'S NAME

| 8b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Holyfield | Evander | N/A | N/A |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**9. MISCELLANEOUS:**

**10. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (10a OR 10b) – Do Not Abbreviate or Combine Names**

10.a ORGANIZATION'S NAME

| 10.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 10.c MAILING ADDRESS Line One | This space not available. | | |

| MAILING ADDRESS Line Two | CITY Fayetteville | STATE GA | POSTAL CODE 30215 | COUNTRY USA |
|---|---|---|---|---|

**11. SECURED PARTY'S NAME   (or NAME of TOTAL ASSIGNEEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (11a OR 11b)**

11.a ORGANIZATION'S NAME

| 11.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | Yank | Gerald | |
| 11.c MAILING ADDRESS Line One | This space not available. | | |

| MAILING ADDRESS Line Two | CITY Fayetteville | STATE GA | POSTAL CODE 30214 | COUNTRY USA |
|---|---|---|---|---|

**12.** This FINANCING STATEMENT covers ☐ as-extracted collateral, or is filed as a ☐ timber to be cut or fixture filing.

**13.** Description of real estate:
1001 State Street, Suite 1400

**14.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**15.** Additional collateral description:
Evander Holyfield Memorabilia Continued

5. Item No. 37382 The 1984 Byarm fight worn gloves
6. Item No. 37633 The 1993 WBA championship belt
7. Item No. 37634 The 1993 IBF championship belt
8. Item No. 37476 The 1990WBA championship belt
9. Item No. 37638 The 1990 IBF championship belt
10. Item No. 37639 The 1990 WBC championship belt
11. Item No. 37628 1986 WBA junior heavyweight belt
12. Item No. 37052 The 1983 Pan Am Games silver medal
13. Item No. 37331 The 1984 Golden Gloves ring
14. Item No. 37351 Olympics ring
15. Item No. 38010 Olympic coin set
16. Item No. 37377 The 1990 Douglas fight robe
17. Item No. 37947 The 1986 Qawi fight robe
18. Item No. 37378 The Olympics robe
19. Item No. 37379 The 1984 Byarm fight robe

**16.** Check only if applicable and check only one box.

Collateral is
☐ Held in Trust
☐ Being administered by Decedent's Personal Representative

**17.** Check only if applicable and check only one box.

☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction – effective 30 years

# EXHIBIT 5

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ronald A. DiNicola, 814-450-3174
B. SEND ACKNOWLEDGEMENT TO:  (Name and Address)

```
┌                                                          ┐
  Ronald A. DiNicola, Esq.
  DiNicola Law Offices
  1001 State Street, Suite 1400
  Erie, Pennsylvania 16501
└                                                          ┘
```

14–7397234838
01/28/2014 17:00
FILED
CALIFORNIA
SECRETARY OF STATE
SOS
41361290002    UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | |
| 1b. INDIVIDUAL'S LAST NAME: Holyfield | Evander | N/A | N/A |
| 1c. MAILING ADDRESS: 230 Lakemont Drive | CITY: Fayetteville | STATE: GA | POSTAL CODE: 30215 | COUNTRY: USA |

1d. ADDL INFO RE ORGANIZATION DEBTOR   1e. TYPE OF ORGANIZATION   1f. JURISDICTION OF ORGANIZATION   1g. ORGANIZATIONAL ID#, if any   ☐ NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME: Holyfield Management, Inc. | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS: P.O. Box 143420 | CITY: Fayetteville | STATE: GA | POSTAL CODE: 30214 | COUNTRY: USA |

2d. ADDL INFO RE ORGANIZATION DEBTOR   2e. TYPE OF ORGANIZATION: Corporation   2f. JURISDICTION OF ORGANIZATION: Georgia   2g. ORGANIZATIONAL ID#, if any   ☐ NONE

3. SECURED PARTY'S NAME (or NAME OF TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME: Barry | FIRST NAME: Yank | MIDDLE NAME: Gerald | SUFFIX |
| 3c. MAILING ADDRESS: 26 Tzanko Tzerkovski Street Floor 3 | CITY: Sofia | STATE: | POSTAL CODE: 1164 | COUNTRY: BG |

4. This FINANCING STATEMENT covers the following collateral:

In all right, title and interest of Debtors in and to all of the assets of Debtors including, but not limited to, any and all memorabilia associated with his professional boxing career, personal property, fixtures, equipment, inventory, cash and cash equivalents, deposit accounts, accounts, receivables, notes, documents, instruments, chattel paper, general intangibles, choses in action, causes of action, contract rights, rights to payment of money, real property, properties in the hands of third party, leasehold interest, leasehold improvements, all now owned and hereinafter acquired and all proceeds thereof, as well as all now existing and hereafter acquired books, records, writings, information and other property relating to, embodying, incorporating or referring to, any of the foregoing assets (collectively and severally, the "Collateral"). Certain of the boxing memorabilia referred to herein is listed below and continued on UCC Financing Statement Addendum.
1. Item No. 37705 Titled "40th Birthday Artwork"
2. Item No. 37704 "The Corner" lithograph signed by Evander Holyfield to his mother
3. Item No. 37652 The 1993 Father of the Year Award
4. Item No. 37736 The 1996 Tyson fight worn gloves

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR   ☐ SELLER/BUYER   ☐ AG. LIEN   ☐ NON-UCC FILING
6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   ☐ All Debtors   ☐ Debtor 1   ☐ Debtor 2
8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT (FORM UCC1) – CALIFORNIA (REV. 01/01/08)

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

9a. ORGANIZATION'S NAME

9b. INDIVIDUAL'S LAST NAME — Holyfield | FIRST NAME — Evander | MIDDLE NAME, SUFFIX — N/A

10. MISCELLANEOUS:

4136129000Z

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME — insert only one name (11a or 11b) — do not abbreviate or combine names

Evander Holyfield Memorabilia Continued

5. Item No. 37332 The 1984 Byrum fight worn gloves
6. Item No. 37333 The 1993 WBA championship belt
7. Item No. 37634 The 1993 IBF championship belt
8. Item No. 37476 The 1990WBA championship belt
9. Item No. 37638 The 1990 IBF championship belt
10. Item No. 37639 The 1990 WBC championship belt
11. Item No. 37628 1988 WBA Junior heavyweight belt
12. Item No. 37052 The 1983 Pan Am Games silver model
13. Item No. 37331 The 1984 Golden Gloves ring
14. Item No. 37351 Olympics ring
15. Item No. 35010 Olympic coin set
16. Item No. 37377 The 1990 Douglas fight robe
17. Item No. 37947 The 1986 Qawi fight robe
18. Item No. 37378 The Olympics robe
19. Item No. 37379 The 1984 Byram fight robe

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) — CALIFORNIA (REV. 01/01/05)