Lincoln D. Bandlow (SBN 170449)
 lbandlow@foxrothschild.com
Eric A. Bevan (SBN 252140)
 ebevan@foxrothschild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA  90067-3005
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Attorneys for Defendants,
EVANDER HOLYFIELD and
HOLYFIELD MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| YANK BARRY, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>EVANDER HOLYFIELD, an individual;<br>HOLYFIELD MANAGEMENT, INC., a<br>Georgia corporation; and DOES 1 through<br>30, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-03439-ODW (PLAx)<br><br>Hon. Judge Otis D. Wright II<br><br>**DEFENDANTS EVANDER HOLYFIELD AND HOLYFIELD MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: 5/7/15 |
| EVANDER HOLYFIELD, an individual;<br>and HOLYFIELD MANAGEMENT,<br>INC., a Georgia corporation,<br><br>    Counterclaim -Plaintiffs,<br><br>  v.<br><br>YANK BARRY, an individual; and ROES<br>1 through 20, inclusive,<br><br>    Counterclaim-Defendants. | |

Defendants Evander Holyfield and Holyfield Management, Inc. (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff Yank

1

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Barry ("Plaintiff") as follows:

**JURISDICTION AND VENUE**[1]

1.      Defendants admit that there is diversity of the parties.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 1 of the Complaint.

2.      For purposes of this case only, Defendants do not contest personal jurisdiction or venue in this Court over Defendants.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the location of the boxing memorabilia, and therefore deny those allegations. Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

**THE PARTIES**

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore deny those allegations.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint.

5.      Defendants admit the allegations of Paragraph 5 of the Complaint.

6.      The allegations set forth in paragraph 6 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Complaint asserts any valid grounds for recovery against Defendants and otherwise deny the allegations set forth in paragraph 6.

7.      The allegations set forth in paragraph 7 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny the allegations set forth in paragraph 7.

8.      The allegations set forth in paragraph 8 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is

---

[1] For the Court's convenience, Defendants have incorporated the "Headings" that appear in the Complaint.  It should be understood, however, that Defendants do not necessarily agree with the characterizations of such Headings, and Defendants do not waive any right to object to those characterizations, and specifically deny the admission of any inferences that can be drawn therefrom.

2

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

1    required, Defendants deny the allegations set forth in paragraph 8.

2         9.    The allegations set forth in paragraph 9 of the Complaint constitute legal

3    conclusions to which a response is not required.  However, to the extent a response is

4    required, Defendants deny the allegations set forth in paragraph 9.

5         10.    The allegations set forth in paragraph 10 of the Complaint constitute

6    legal conclusions to which a response is not required.  However, to the extent a

7    response is required, Defendants deny the allegations set forth in paragraph 10.

8    **<u>ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF</u>**

9         11.    The allegations set forth in paragraph 11 of the Complaint constitute

10   legal conclusions to which a response is not required.  However, to the extent a

11   response is required, Defendants deny that the promissory note is enforceable or

12   created a legal obligation on the part of Defendants, and otherwise deny all other

13   allegations of paragraph 11.  Defendants admit that a document described as a

14   promissory note is attached as Exhibit 1 to the Complaint.

15        12.    The allegations set forth in paragraph 12 of the Complaint constitute

16   legal conclusions to which a response is not required.  However, to the extent a

17   response is required, Defendants deny that the Security Agreement is enforceable or

18   created a legal obligation on the part of Defendants and otherwise deny all allegations

19   of paragraph 12.  Defendants admit that a document described as a security agreement

20   is attached as Exhibit 2 to the Complaint.

21        13.    The allegations set forth in paragraph 13 of the Complaint constitute

22   legal conclusions to which a response is not required.  However, to the extent a

23   response is required, Defendants deny that the Security Agreement is enforceable or

24   created a legal obligation on the part of Defendants, deny that Plaintiff has an

25   enforceable security interest in any of Defendants' property or assets or the Collateral,

26   as defined in the Complaint, and otherwise deny all allegations of paragraph 13.

27        14.    The allegations set forth in paragraph 14 of the Complaint constitute

28   legal conclusions to which a response is not required.  However, to the extent a

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

1   response is required, Defendants deny that any alleged security interest in Defendants'

2   property, assets, or the Collateral was perfected.  Furthermore, Defendants are without

3   sufficient knowledge or information to form a belief as to the truth of the allegations

4   in subparagraphs 14(a), 14(b), and 14(c) regarding locations of filings, and, and

5   therefore deny those allegations.  Defendants admit that documents described as

6   financing statements are attached as Exhibits 3, 4 and 5 to the Complaint.

7       15.    Defendants admit that Plaintiff alleges that certain documents are

8   collectively referred to in the Complaint as the "Transaction Documents," but

9   specifically deny the validity of said documents and any inferences to be drawn by

10   referring to them as such.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

### (AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)

14       16.    Defendants incorporate by reference Paragraphs 1 through 15, inclusive,

15   of this Answer as though fully set forth herein.

16       17.    With respect to the allegations set forth in paragraph 17 regarding who is

17   the purported holder of purported documents, Plaintiffs lack sufficient information to

18   form a belief as the truth of those allegations, and as such, deny them.  Furthermore,

19   Plaintiffs specifically deny that the documents alleged in paragraph 17 are valid or

20   enforceable or create any legal obligation on the part of Defendants, or that Plaintiff

21   was a legal "holder" of any obligation on the part of Defendants.  The remaining

22   allegations set forth in paragraph 17 of the Complaint constitute legal conclusions to

23   which a response is not required.

24       18.    The allegations set forth in paragraph 18 of the Complaint constitute

25   legal conclusions to which a response is not required.  However, to the extent a

26   response is required, Defendants deny that any obligation has been created by the

27   Transaction Documents or that the Transaction Documents are enforceable.

28       19.    The allegations set forth in paragraph 19 of the Complaint constitute

4

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that any obligation has been created by the Transaction Documents, that the Transaction Documents are enforceable or that Defendants defaulted on any obligation.

20.    The allegations set forth in paragraph 20 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny Defendants have any legal obligation to pay any alleged note, or that Plaintiff has suffered any damages for which Defendants are liable or that Plaintiff is entitled to any recovery of damages, costs or attorney's fees against Defendants.

21.    Defendants admit that the document attached as Exhibit 1 includes an attorney's fees provision, but the remaining allegations in paragraph 21 constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Note is valid and enforceable or created any legal obligations on the party of Defendants.

### SECOND CLAIM FOR RELIEF

### COMMON COUNT – MONEY LENT

### (AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)

22.    Defendants incorporate by reference, Paragraphs 1 through 21, inclusive, of this Answer as though fully set forth herein.

23.    Defendants deny the allegations set forth in paragraph 23 of the Complaint, or that they have any obligation to pay any money to Plaintiff.

24.    Defendants deny the allegations in paragraph 24, and any inference arising therefrom, to the extent they allege that Defendants have an obligation to pay any money to Plaintiff or Plaintiff had a right to demand payment.  Otherwise, the allegations set forth in paragraph 24 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that Plaintiff has suffered any damages for which Defendants are

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

1  liable or that Plaintiff is entitled to any recovery of damages, costs or attorney's fees

2  against Defendants, and otherwise deny all allegations in paragraph 24 not specifically

3  admitted.

4  **THIRD CLAIM FOR RELIEF**

5  **COMMON COUNT – UNPAID SERVICES RENDERED**

6  **(AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)**

7  25.    Defendants incorporate by reference, Paragraphs 1 through 24, inclusive,

8  of this Answer as though fully set forth herein.

9  26.    Defendants deny the allegations of Paragraph 26 of the Complaint.

10  27.    Defendants deny the allegations in paragraph 27, and any inference

11  arising therefrom, to the extent they allege that Defendants have an obligation to pay

12  any money to Plaintiff or Plaintiff had a right to demand payment.  Otherwise, the

13  allegations set forth in paragraph 27 of the Complaint constitute legal conclusions to

14  which a response is not required.  However, to the extent a response is required,

15  Defendants deny that Plaintiff has suffered any damages for which Defendants are

16  liable or that Plaintiff is entitled to any recovery of damages, costs or attorney's fees

17  against Defendants, and otherwise deny all allegations in paragraph 27 not specifically

18  admitted.

19  **FOURTH CLAIM FOR RELIEF**

20  **BREACH OF SECURITY AGREEMENT**

21  **(AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)**

22  28.    Defendants incorporate by reference, Paragraphs 1 through 27, inclusive,

23  of this Answer as though fully set forth herein.

24  29.    The allegations set forth in paragraph 29 of the Complaint constitute

25  legal conclusions to which a response is not required.  However, to the extent a

26  response is required, Defendants deny that Plaintiff was granted a security interest in

27  any of Defendants' property, assets, or the Collateral, and therefore deny any and all

28  allegations contained in paragraph 29 of the Complaint.

6

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

30.     The allegations set forth in paragraph 30 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Transaction Documents, including the purported Security Agreement, created any enforceable obligations between Plaintiff and Defendants, and therefore deny any and all allegations contained in paragraph 30 of the Complaint.

31.     The allegations set forth in paragraph 31 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Transaction Documents created any enforceable obligations between Plaintiff and Defendants, that Defendants defaulted on any legal obligation to Plaintiff, or that Defendants owed $471,700.39 to Plaintiff as alleged by Plaintiff in Plaintiff's First, Second, and Third Claims for Relief.

32.     The allegations set forth in paragraph 32 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Transaction Documents, including the Security Agreement, created any enforceable obligations between Plaintiff and Defendants, that Plaintiffs are entitled to possession or sale of the Collateral, or that Defendants have any liability to Plaintiff whatsoever, as alleged in paragraph 32 of Plaintiff's Complaint.

33.     The allegations set forth in paragraph 33 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Transaction Documents created any enforceable obligations between Plaintiff and Defendants, that Plaintiff is entitled to recover his fees and costs against Defendants, or that Defendants have any liability to Plaintiff.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## FIFTH CLAIM FOR RELIEF

## RECOVERY OF PERSONAL PROPERTY

## (AGAINST EVANDER, HMI AND DOES 1 THROUGH 20)

34.     Defendants incorporate by reference, Paragraphs 1 through 33, inclusive, of this Answer as though fully set forth herein.

35.     The allegations set forth in paragraph 35 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Transaction Documents, including the Security Agreement attached as Exhibit 2 to the Complaint, created any enforceable obligations between Plaintiff and Defendants, that Plaintiffs are entitled to possession or sale of the Collateral, or that Defendants have any liability to Plaintiff whatsoever.

36.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore deny those allegations.  However, Defendants specifically deny that Plaintiff has any right to control or possession of the Collateral, that Plaintiff is entitled to recover or take possession of any of the Collateral from any third party, including Julien's Entertaintment.com, or that Plaintiff is entitled to any relief or recovery against Defendants.

## SIXTH CLAIM FOR RELIEF

## JUDICIAL FORECLOSURE OF SECURITY INTERSTS [SIC] IN PERSONAL PROPERTY

## (AGAINST ALL DEFENDANTS)

37.     Defendants incorporate by reference, Paragraphs 1 through 36, inclusive, of this Answer as though fully set forth herein.

38.     The allegations set forth in paragraph 38 of the Complaint constitute legal conclusions to which a response is not required.  However, to the extent a response is required, Defendants deny that the Transaction Documents, including the Security Agreement attached as Exhibit 2 to the Complaint, created any enforceable

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1 obligations between Plaintiff and Defendants, that Defendants have defaulted on any

2 obligation to Plaintiff, that Plaintiffs are entitled to possession or sale of the Collateral,

3 that Defendants have any liability to Plaintiff whatsoever, or that Plaintiffs have any

4 right to recover damages or any other remedy under the CUCC §§ 9609.

5 **PLAINTIFF'S DEMANDS FOR RELIEF**

6 Defendants deny any and all allegations that Plaintiff has suffered any damages

7 for which Defendants are liable or that Plaintiff is entitled to any recovery of damages

8 against Defendants.  Defendants generally and specifically deny all the allegations

9 contained in Plaintiff's demands for relief and deny that Plaintiff has been harmed or

10 suffered damages in any way, or amount, whatsoever.  Defendants also deny that

11 Plaintiff is entitled to any equitable or injunctive relief, special performance, damages,

12 costs, attorney's fees, or any other relief as requested in Plaintiff's demands for relief

13 or anywhere in the Complaint.

14 **AFFIRMATIVE DEFENSES**

15 Without altering the burdens of proof, Defendants assert the following

16 Affirmative Defenses to the claims in Plaintiff's Complaint and reserve the right to

17 amend their Answer and Affirmative Defenses as additional information becomes

18 available:

19 **FIRST AFFIRMATIVE DEFENSE**

20 **(Failure to State a Claim)**

21 Plaintiff's Complaint, including one or more counts set forth therein, fails to

22 state a claim upon which relief can be granted.

23 **SECOND AFFIRMATIVE DEFENSE**

24 **(Statute of Limitations)**

25 Plaintiff's allegations are barred by the statutes of limitations pertaining to the

26 claims made.

27

28

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

The equitable doctrine of waiver bars some or all of Plaintiff's claims for damages and other relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

The equitable doctrine of estoppel bars some or all of Plaintiff's claims for damages and other relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The equitable doctrine of unclean hands bars some or all of Plaintiff's claims for damages and other relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The equitable doctrine of laches bars some or all of Plaintiff's claims for damages and other relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Release)

The equitable doctrine of release bars some or all of Plaintiff's claims for damages and other relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred by his failure to mitigate its damages, to the extent any exist and have been proven.  In the alternative, Plaintiff's recovery, if any, must be reduced by those damages Plaintiff failed to mitigate, by virtue of his own acts or omissions and/or the acts or omissions of others chargeable to Plaintiff.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## NINTH AFFIRMATIVE DEFENSE

### (Undue Influence)

Plaintiff's claims are barred to the extent any purported or alleged agreement was the result of an exercise of undue influence by or on any party to the purported or alleged agreement.

## TENTH AFFIRMATIVE DEFENSE

### (Duress)

Plaintiff's claims are barred to the extent that any purported or alleged agreement was the result of duress by or on any party to the alleged agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Illegality)

Plaintiff's claims are barred to the extent that any purported or alleged agreement was illegal in any fashion.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconscionability)

Plaintiff's claims are barred to the extent that any purported or alleged agreement was unconscionable in any fashion.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Plaintiff's claims are barred to the extent that any consideration offered by Plaintiff pursuant to any purported or alleged agreement has failed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Plaintiff's claims are barred to the extent that any purported or alleged agreement is rendered unenforceable by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

Plaintiff is prevented from recovery against Defendants to the extent that any Defendants

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

consent to any purported agreement was based on Plaintiff's false and/or fraudulent representations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

This action is barred to the extent that this court lacks jurisdiction of the subject of the causes of action alleged in Plaintiff's Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Void or Voidable Alleged Agreements)

Plaintiff's claims are barred to the extent that any purported agreement alleged by Plaintiff is void or voidable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated affirmative defenses.  Thus, to the extent this Court may have jurisdiction herein, and subject to discovery in this action, Defendants expressly reserve their rights to assert additional affirmative defenses when and if they are appropriate.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants Evander Holyfield and Holyfield Management, Inc., pray for relief as follows:

1.     That Plaintiff Yank Barry and take nothing by way of his Complaint;

2.     That the Complaint be dismissed with prejudice;

3.     That Defendants Evander Holyfield and Holyfield Management, Inc., be awarded reasonable attorney's fees and costs incurred in connection with this matter; and

4.     For such other and/or further relief as the Court deems just and proper.

//

//

DATED:  July 10, 2015                     FOX ROTHSCHILD LLP

                                          By:  /s/ Lincoln Bandlow
                                               Lincoln Bandlow
                                                lbandlow@foxrothschild.com
                                               Eric A. Bevan
                                                ebevan@foxrothschild.com
                                               Attorneys for Defendant
                                               EVANDER HOLYFIELD
                                               and HOLYFIELD
                                               MANAGEMENT, INC.


## DEMAND FOR JURY TRIAL

       Pursuant to FED. R. CIV. P. 38(b), Defendants Evander Holyfield and Holyfield

Management, Inc., hereby demand a trial by jury in the above captioned action.


DATED:  July 10, 2015                     FOX ROTHSCHILD LLP

                                          By:  /s/ Lincoln Bandlow
                                               Lincoln Bandlow
                                                lbandlow@foxrothschild.com
                                               Eric A. Bevan
                                                ebevan@foxrothschild.com
                                               Attorneys for Defendant
                                               EVANDER HOLYFIELD
                                               and HOLYFIELD
                                               MANAGEMENT, INC.

13

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

# COUNTERCLAIMS

Evander Holyfield ("Mr. Holyfield") and Holyfield Management, Inc. ("HMI," and, with Mr. Holyfield, collectively, "Counterclaim-Plaintiffs"), by and through their undersigned counsel, hereby respectfully submit their counterclaims against Yank Barry and Roes 1 through 20, inclusive, (collectively, "Barry" or "Counterclaim-Defendant") and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has diversity jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332(a)(2).  The amount in controversy in the Counterclaims exceeds $75,000.

2.      The Court has personal jurisdiction over Barry because Barry has invoked the jurisdiction of this Court by filing the Complaint herein.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and/or a substantial part of the property that is the subject of this action is situated in the district.

## PARTIES

4.      Counterclaim-Plaintiff Evander Holyfield is an individual, residing in the State of Georgia, and a citizen of the United States.

5.      Counterclaim-Plaintiff Holyfield Management, Inc. is a corporation organized under the laws of the State of Georgia and with its principal place of business in Georgia.

6.      Upon information and belief, Counterclaim-Defendant Yank Barry is a citizen of Canada and a resident of Bulgaria.

7.      Counterclaim-Plaintiffs do not know the true names or capacities of the Counterclaim-Defendants named as Roes 1-20, inclusive, and sue these counterclaim-defendants by such fictitious names.  Counterclaim-Plaintiffs are informed and believe and thereon allege that each of the fictitiously named counterclaim-defendants is

14

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

responsible for and caused the events and damages alleged herein and if joined in the future will not impact the diversity of citizenship that presently exists.  When Counterclaim-Plaintiffs ascertain the true names and capacities of Roes 1 through 20, inclusive, they will amend this counterclaim accordingly.

8.     Counterclaim-Plaintiffs are informed and believe and thereon allege that at all relevant times each Counterclaim-Defendant named herein was and/or is the agent, servant and/or employee of each of the other Counterclaim-Defendants, and that all of the things alleged to have been done by each Counterclaim-Defendant were done in the capacity of and as agent of the other Counterclaim-Defendants.

## FIRST COUNTERCLAIM

### (Cause of Action for Accounting)

9.     Counterclaim-Plaintiffs reincorporate and re-allege the allegations contained in paragraphs 1 through 8, inclusive, as if fully set forth herein.

10.     Counterclaim-Plaintiff Holyfield is a retired professional boxer, Olympic bronze medalist, and former undisputed world champion in the cruiserweight and heavyweight divisions, with worldwide-name recognition.

11.     In or about 2013, Barry offered to assist Counterclaim-Plaintiffs with various financial and business matters.  Barry offered to provide these services for no monetary compensation because he believed that, in light of Mr. Holyfield's substantial public stature, fame, and professional connections, Barry's own professional reputation would be enhanced by being involved with Counterclaim-Plaintiffs' business and financial affairs.

12.     Counterclaim-Plaintiffs agreed to let Barry assist, for no monetary compensation, with various financial and business matters, including business deals, promotions, and publicity events involving Counterclaim-Plaintiffs.

13.     For some of these events, deals or transactions, Barry received and handled payments from third parties that were intended for Counterclaim-Plaintiffs.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

14.     Barry made, at various times, transfers of funds to Counterclaim-Plaintiffs, and/or other authorized recipients on behalf of Counterclaim-Plaintiffs, which were ostensibly the amounts which Counterclaim-Plaintiffs earned in the various financial and business ventures that Barry handled.

15.     However, Barry suddenly claimed, on or before December 29, 2013 (precisely at the same time that Barry became aware that Mr. Holyfield was about to regain control and possession of certain valuable boxing memorabilia), that the transfers of funds to Counterclaim-Plaintiffs, and his authorized recipients, were not actually funds that Counterclaim-Plaintiffs had earned, but were instead loans made by Barry to Counterclaim-Plaintiffs and for which Counterclaim-Plaintiffs were consequently indebted to Barry.

16.     Barry then demanded purported "repayment" of the funds allegedly owed and coerced Mr. Holyfield to sign a promissory note prepared by Barry, dated December 29, 2013, in the amount of $621,133 (the "Promissory Note"), and a related security agreement which purported to grant Barry a security interest in all of Counterclaim-Plaintiffs' current and future property and assets, including, without limitation, the personal property and memorabilia that My. Holyfield had just regained, financial accounts, and contract rights (the "Security Agreement").

17.     Subsequently, when asked to provide an accounting of the funds which Barry handled, and how those funds and the purported loans were disbursed or spent, Barry refused and/or failed to provide an accurate accounting.

18.     Consequently, the amount of money which Barry handled for Counterclaim-Plaintiffs, and which Barry now owes to Counterclaim-Plaintiffs, can only be ascertained by an accounting.

19.     Counterclaim-Plaintiffs now seek a complete accounting of all funds which Barry received and paid for the benefit of Counterclaim-Plaintiffs, as well as an accounting of any purported expenses, costs, loans or liabilities which Barry has applied to those funds, so that Counterclaim-Plaintiffs may ascertain the amount of

16

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

1    money which Barry owes them.

## SECOND COUNTERCLAIM

### (Fraudulent Inducement)

20.    Counterclaim-Plaintiffs reincorporate and re-allege the allegations contained in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21.    On or about December 29, 2013, Barry made oral representations to Mr. Holyfield that Counterclaim-Plaintiffs owed several hundred thousand dollars to Barry, purportedly in order to pay back certain advances or loans that Barry claimed to have provided to Mr. Holyfield and/or HMI.

22.    Barry knew these representations were false at the time he made them to Mr. Holyfield.  In fact, Barry had not made loans or advances to Counterclaim-Plaintiffs in the amount which Barry claimed to be owed and Counterclaim-Plaintiffs did not owe Barry anything.

23.    Barry made these representations with the intent to induce Mr. Holyfield, and the knowledge that they would in fact induce Mr. Holyfield, to sign the Promissory Note and Security Agreement purportedly requiring Counterclaim-Plaintiffs to pay Barry $621,133.  Barry specifically intended for Mr. Holyfield to rely on the representations.

24.    Mr. Holyfield did in fact rely on the statements by Barry and executed, on December 29, 2013, the Promissory Note for $621,133, and the related Security Agreement.  Both the Promissory Note and the Security Agreement purport to be entered into on behalf of Mr. Holyfield and HMI.

25.    Mr. Holyfield's reliance on Barry's statements was justified because Barry had previously agreed to assist Counterclaim-Plaintiffs with certain financial transactions and business deals, without monetary compensation, and had in fact been been handling certain aspects of Mr. Holyfield's business and financial affairs.

26.    As a direct and proximate result of Barry's fraudulent inducement, Counterclaim-Plaintiffs have been harmed and sustained damages in an amount to be

17

proven at trial.

27.    Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Barry engaged in the aforesaid conduct with willful and conscious disregard for Counterclaim-Plaintiff's rights, with the intent to injure Counterclaim-Plaintiffs; and in order to subject Counterclaim-Plaintiffs to cruel and unjust hardships in disregard of their rights such as to constitute oppression, fraud or malice under California Civil Code Section 3294.  By reason of the foregoing, Counterclaim-Plaintiffs are entitled to recover punitive damages from Defendant in a sum to be determined by the trier of fact.

### THIRD COUNTERCLAIM

#### (Conversion)

28.    Counterclaim-Plaintiffs reincorporate and re-allege the allegations contained in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29.    At all times mentioned herein, Counterclaim-Plaintiffs were the rightful owners of their respective funds and assets and were entitled to exclusive possession, benefit and proper use of said funds and assets.

30.    At various times in 2013, Barry intentionally and substantially interfered with Counter-Plaintiff's funds and assets, including money that Mr. Holyfield and HMI earned from various sources, by taking possession of the funds and assets, preventing Counterclaim-Plaintiffs from having access to the funds and assets, and/or refusing to return the money to Counterclaim-Plaintiffs after they demanded its return.

31.    Counterclaim-Plaintiffs did not consent to Barry's actions as described above.

32.    Counterclaim-Plaintiffs were harmed by Barry's actions as described above.

33.    Barry's actions as described above were a substantial factor in causing Counterclaim-Plaintiffs' harm.

34.    As a direct and proximate result of the conduct of Barry as herein

18

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

1  alleged, Counterclaim-Plaintiffs have suffered damages in an amount to be proven at

2  trial but in excess of $75,000.

3       35.    Counterclaim-Plaintiffs are informed and believe, and on that basis

4  allege, that Barry engaged in the aforesaid conduct with willful and conscious

5  disregard for Counterclaim-Plaintiffs' rights, with the intent to injure Counterclaim-

6  Plaintiffs; and in order to subject Counter-claim Plaintiffs to cruel and unjust

7  hardships in disregard of their rights such as to constitute oppression, fraud or malice

8  under California Civil Code Section 3294.  By reason of the foregoing, Counterclaim-

9  Plaintiffs are entitled to recover punitive damages from Barry in a sum to be

10 determined by the trier of fact.

11                     **FOURTH COUNTERCLAIM**

12                      **(Money Had and Received)**

13       36.    Counterclaim-Plaintiffs reincorporate and re-allege the allegations

14 contained in paragraphs 1 through 35, inclusive, as if fully set forth herein.

15       37.    Barry, in the course of assisting Counterclaim-Plaintiffs in various

16 financial and business activities, received money that was intended to be used for the

17 benefit of Counterclaim-Plaintiffs.

18       38.    The money Barry received on behalf of Counterclaim-Plaintiffs was not

19 used for the benefit of Counterclaim-Plaintiffs.

20       39.    Barry has not given the money to Counterclaim-Plaintiffs.

21       40.    Barry has been unjustly enriched by retaining the money belonging to

22 Counterclaim-Plaintiffs.

23       41.    As a direct and proximate result of the conduct of Barry as herein

24 alleged, Counterclaim-Plaintiffs have suffered damages in an amount to be proven at

25 trial but in excess of $75,000.

26                      **FIFTH COUNTERCLAIM**

27              **(Goods and Services Rendered/Quantum Meruit)**

28       42.    Counterclaim-Plaintiffs reincorporate and re-allege the allegations

contained in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Barry specifically requested that Counterclaim-Plaintiffs allow Barry to be involved, without monetary compensation, in appearances, promotions and events involving Counterclaim-Plaintiffs' name, likeness, and rights to publicity.

44. Counterclaim-Plaintiffs did in fact allow Barry to be involved in certain of Counterclaim-Plaintiffs' appearances, promotions and events involving Counterclaim-Plaintiffs' names, likenesses, and rights to publicity.

45. However, Barry's involvement in the above activities exceeded Counterclaim-Plaintiffs consent, including, without limitation, Barry's misappropriation of compensation that should have been payable to Counterclaim-Plaintiffs.

46. Barry has been unjustly enriched through his unauthorized activities, in an amount to be proven at trial but in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Evander Holyfield and Holyfield Management, Inc. pray for judgment and relief against Yank Barry and Roes 1 through 20, inclusive, as follows:

1. For an award of compensatory damages according to proof at trial;

2. For an award of punitive damages, in an amount determined by the trier of fact, as authorized by statute;

3. For an award of attorneys' fees, in an amount the court determines to be reasonable, as authorized by statute;

4. For costs of court;

5. For pre-judgment interest at the legal rate on all outstanding amounts; and

6. For such other and further relief as to the Court is fair, just and proper.

//
//
//

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

DATED:  July 10, 2015                    FOX ROTHSCHILD LLP

                                          By:   /s/ Lincoln Bandlow
                                                Lincoln Bandlow
                                                lbandlow@foxrothschild.com
                                                Eric A. Bevan
                                                ebevan@foxrothschild.com
                                                Attorneys for Defendant
                                                EVANDER HOLYFIELD
                                                and HOLYFIELD
                                                MANAGEMENT, INC.


## **DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38(b), Defendants Evander Holyfield and Holyfield Management, Inc., hereby demand a trial by jury in the above captioned action.


DATED:  July 10, 2015                    FOX ROTHSCHILD LLP

                                          By:   /s/ Lincoln Bandlow
                                                Lincoln Bandlow
                                                  lbandlow@foxrothschild.com
                                                Eric A. Bevan
                                                  ebevan@foxrothschild.com
                                                Attorneys for Defendant
                                                EVANDER HOLYFIELD
                                                and HOLYFIELD
                                                MANAGEMENT, INC.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**