1  JEFFREY W. BROKER – State Bar No. 53226
   BROKER & ASSOCIATES
2  PROFESSIONAL CORPORATION
   18111 Von Karman Avenue, Suite 460
3  Irvine, CA 92612-7152
   Telephone: (949) 222-2000
4  Facsimile: (949) 222-2022
   email: *jbroker@brokerlaw.biz*
5
   Attorneys for Plaintiff and Counterclaim
6  Defendant Yank Barry

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11 | Civil Case No. 2:15-CV-03439-ODW (PLAx)

12  YANK BARRY, an individual,
            Plaintiff
13  vs.                                    **ANSWER TO COUNTERCLAIMS OF**
                                           **EVANDER HOLYFIELD AND HOLYFIELD**
14  EVANDER HOLYFIELD, an                  **MANAGEMENT, INC. BY PLAINTIFF**
    individual; HOLYFIELD                  **YANK BARRY**
15  MANAGEMENT, INC., a
    Georgia corporation, and DOES 1
16  through 30, inclusive,

17          Defendants

18  _____

19  EVANDER HOLYFIELD, an
    individual; HOLYFIELD
20  MANAGEMENT, INC., a
    Georgia corporation,
21          Counterclaim-
              Plaintiffs
22  vs.
23  YANK BARRY, an individual;
    and ROES 1 through 20,
24  inclusive,
25          Counterclaim-
              Defendants
26
27
28
                     ANSWER TO COUNTERCLAIMS

Yank Barry, an individual ("Barry"), responds to the Counterclaims (the "Counterclaim") of Evander Holyfield ("Mr. Holyfield") and Holyfield Management, Inc. ("HMI" and collectively with Mr. Holyfield "Counterclaimants") and alleges as follows:

1. Answering paragraph 1 of the Counterclaim, Barry admits the allegations set forth therein.

2. Answering paragraph 2 of the Counterclaim, Barry admits the allegations set forth therein.

3. Answering paragraph 3 of the Counterclaim, Barry admits the allegations set forth therein and further alleges that Barry and Counterclaimants contractually agreed that any action pertaining to the Transaction Documents was to be brought in this Court in this District.

4. Answering paragraph 4 of the Counterclaim, Barry admits the allegations set forth therein.

5. Answering paragraph 5 of the Counterclaim, Barry admits the allegations set forth therein.

6. Answering paragraph 6 of the Counterclaim, Barry admits the allegations set forth therein.

7. Answering paragraph 7 of the Counterclaim, the allegations set forth therein constitute legal conclusions as to which a response is not required. However, to the extent a response is required, Barry denies that the Counterclaim asserts any valid grounds for recovery against him and otherwise denies the allegations set forth in paragraph 7 of the Counterclaim.

8. Answering paragraph 8 of the Counterclaim, the allegations set forth therein constitute legal conclusions as to which a response is not required. However, to the extent a response is required, Barry denies that the Counterclaim asserts any valid grounds for recovery against him and otherwise denies the allegations set forth

in paragraph 8 of the Counterclaim.

9. Answering paragraph 9 of the Counterclaim, Barry incorporates by reference his responses to paragraphs 1 through 8 hereinabove by reference as though fully set forth at length.

10. Answering paragraph 10 of the Counterclaim, Barry admits the allegations set forth therein.

11. Answering paragraph 11 of the Counterclaim, first sentence, Barry admits the allegations set forth therein. Barry denies the allegations in the second sentence of paragraph 11 of the Counterclaim.

12. Answering paragraph 12 of the Counterclaim, Barry denies the allegations contained therein.

13. Answering paragraph 13 of the Counterclaim, Barry admits that he caused the transfers of funds to Counterclaim-Plaintiffs, and/or other authorized recipients on behalf of Counterclaim-Plaintiffs. Barry denies the balance of the allegations contained therein as Barry additionally transferred his own funds to or for the benefit of Counterclaim-Plaintiffs from time to time in amounts substantially in excess of amounts earned by Counterclaim-Plaintiffs that are the subject of the underlying Claims for Relief.

14. Answering paragraph 14 of the Counterclaim, Barry admits that he caused the transfers of funds to Counterclaim-Plaintiffs, and/or other authorized recipients on behalf of Counterclaim-Plaintiffs. Barry denies the balance of the allegations contained therein as Barry additionally transferred his own funds to or for the benefit of Counterclaim-Plaintiffs from time to time in amounts substantially in excess of amounts earned by Counterclaim-Plaintiffs that are the subject of the underlying Claims for Relief.

15. Answering paragraph 15 of the Counterclaim, Barry denies the allegations contained therein.

ANSWER TO COUNTERCLAIMS-

1      16.    Answering paragraph 16 of the Counterclaim, Barry denies the allegations contained therein.

3      17.    Answering paragraph 17 of the Counterclaim, Barry denies the allegations contained therein.

5      18.    Answering paragraph 18 of the Counterclaim, Barry denies the allegations contained therein.

7      19.    Answering paragraph 19 of the Counterclaim, the allegations set forth therein constitute legal conclusions as to which a response is not required. However, to the extent a response is required, Barry denies that the Counterclaim asserts any valid grounds for recovery against him and otherwise denies the allegations set forth in paragraph 19 of the Counterclaim

12     20.    Answering paragraph 20 of the Counterclaim, Barry incorporates by reference his responses to paragraphs 1 through 19 hereinabove by reference as though fully set forth at length.

15     21.    Answering paragraph 21 of the Counterclaim, Barry admits the allegations set forth therein.

17     22.    Answering paragraph 22 of the Counterclaim, Barry denies the allegations contained therein.

19     23.    Answering paragraph 23 of the Counterclaim, Barry denies that he 'induced' Mr. Holyfield to do anything, and denies the allegations contained therein.

21     24.    Answering paragraph 24 of the Counterclaim, first sentence, Barry has insufficient information or belief as to what, if any, reliance Mr. Holyfield possessed based upon anything Barry may have said to him, and basing his denial on that basis denies the allegations contained therein. Barry admits the allegations in the second sentence of paragraph 24 of the Counterclaim.

26     25.    Answering paragraph 25 of the Counterclaim, Barry has insufficient information or belief as to what, if any, reliance Mr. Holyfield possessed based upon

-4-
ANSWER TO COUNTERCLAIMS-

anything Barry may have said to him, and basing his denial on that basis denies the allegations contained therein.

26. Answering paragraph 26 of the Counterclaim, Barry denies the allegations contained therein.

27. Answering paragraph 27 of the Counterclaim, Barry denies the allegations contained therein.

28. Answering paragraph 28 of the Counterclaim, Barry incorporates by reference his responses to paragraphs 1 through 27 hereinabove by reference as though fully set forth at length.

29 Answering paragraph 29 of the Counterclaim, Barry denies the allegations contained therein.

30. Answering paragraph 30 of the Counterclaim, Barry denies the allegations contained therein.

31. Answering paragraph 31 of the Counterclaim, Barry denies the allegations contained therein.

32. Answering paragraph 32 of the Counterclaim, Barry denies the allegations contained therein.

33. Answering paragraph 33 of the Counterclaim, Barry denies the allegations contained therein.

34. Answering paragraph 34 of the Counterclaim, Barry denies the allegations contained therein.

35. Answering paragraph 35 of the Counterclaim, Barry denies the allegations contained therein.

36. Answering paragraph 36 of the Counterclaim, Barry incorporates by reference his responses to paragraphs 1 through 35 hereinabove by reference as though fully set forth at length.

37. Answering paragraph 37 of the Counterclaim, Barry admits that he

caused the transfers of funds to Counterclaim-Plaintiffs, and/or other authorized recipients on behalf of Counterclaim-Plaintiffs. Barry denies the balance of the allegations contained therein as Barry additionally transferred his own funds to or for the benefit of Counterclaim-Plaintiffs from time to time in amounts substantially in excess of amounts earned by Counterclaim-Plaintiffs that are the subject of the underlying Claims for Relief.

38. Answering paragraph 38 of the Counterclaim, Barry denies the allegations contained therein.

39. Answering paragraph 39 of the Counterclaim, Barry denies the allegations contained therein.

40. Answering paragraph 40 of the Counterclaim, Barry denies the allegations contained therein.

41. Answering paragraph 41 of the Counterclaim, Barry denies the allegations contained therein.

42. Answering paragraph 42 of the Counterclaim, Barry incorporates by reference his responses to paragraphs 1 through 41 hereinabove by reference as though fully set forth at length.

43. Answering paragraph 43 of the Counterclaim, Barry admits that he caused the transfers of funds to Counterclaim-Plaintiffs, and/or other authorized recipients on behalf of Counterclaim-Plaintiffs. Barry denies the balance of the allegations contained therein as Barry additionally transferred his own funds to or for the benefit of Counterclaim-Plaintiffs from time to time in amounts substantially in excess of amounts earned by Counterclaim-Plaintiffs that are the subject of the underlying Claims for Relief.

44. Answering paragraph 44 of the Counterclaim, Barry admits that he caused the transfers of funds to Counterclaim-Plaintiffs, and/or other authorized recipients on behalf of Counterclaim-Plaintiffs. Barry denies the balance of the

allegations contained therein as Barry additionally transferred his own funds to or for the benefit of Counterclaim-Plaintiffs from time to time in amounts substantially in excess of amounts earned by Counterclaim-Plaintiffs that are the subject of the underlying Claims for Relief.

45. Answering paragraph 45 of the Counterclaim, Barry denies the allegations contained therein.

46. Answering paragraph 46 of the Counterclaim, Barry denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Claims)

1. The allegations of the Counterclaim fail to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Waiver)

2. The Counterclaim is barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

3. The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

4. The Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. The Counterclaim is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Set-Off)

6. To the extent Counterclaimant has any right to recovery from Barry, Counterclaimants' recovery must be reduced or eliminated by the damages owed to Barry by Counterclaimant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

7. The Counterclaim is barred, in whole or in part, because Counterclaimants consented to Barry's actions.

## EIGHTH AFFIRMATIVE DEFENSE
### (Ratification)

8. The Counterclaim is barred, in whole or in part, because Counterclaimants ratified Barry's actions.

## NINTH AFFIRMATIVE DEFENSE
### (Acquiescence)

9. The Counterclaim is barred, in whole or in part, because Counterclaimants acquiesced in any conduct engaged in by Barry.

## TENTH AFFIRMATIVE DEFENSE
### (Release)

10. The Counterclaim is barred, in whole or in part, as a result of Counterclaimants' express or implied release of all claims against Barry.

## ELEVENTH AFFIRMATIVE DEFENSE

(Justification)

11. The Counterclaim is barred, in whole or in part, because any conduct engaged in by Barry was fully justified.

## TWELFTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

12. The Counterclaim is barred, in whole or in part, because Counterclaimants would be unjustly enriched by any recovery on its claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

13. The Counterclaim is barred, in whole or in part, by the Statute of Frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

14. The Counterclaim is barred, in whole or in part, by the Parol Evidence Rule.

## FIFEENTH AFFIRMATIVE DEFENSE

(Prior Breach)

15. The Counterclaim is barred, in whole or in part, and Counterclaimants are barred from recovering the relief sought herein by reason of their prior breach.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Superior Equities)

16. The Counterclaim is barred, in whole or in part, and Counterclaimants are barred from recovering the relief sought herein by reason of their prior breach.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

17. The Counterclaim, and each of the claims for relief therein, is or may be barred or limited by any applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

18. The Counterclaim, and each of the Claims for Relief therein, is or may be barred or limited to the extent that Counterclaimants failed to mitigate and/or avoid their alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

(Acts of Plaintiff)

19. Counterclaimant is not entitled to any relief on any of its claims against him because any and all events, happening, injuries and damages set forth in the Counterclaim were proximately caused and contributed to by the acts and/or omissions of Counterclaimants, and such acts and/or omissions totally bar or reduce any recovery on the part of Counterclaimants.

## TWENTIETH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

20. Counterclaimants are not entitled to any relief on any of its claims against his because any and all events, happening, injuries and damages set forth in the Counterclaim were proximately caused and contributed to by the acts and/or omissions of third parties, and such acts and/or omissions totally bar or reduce any recovery on the part of Counterclaimants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Incorporation of Complaint)

21. Barry asserts and incorporates the allegations, claims and conditions set forth in his Complaint on file herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Promissory Estoppel)

22. Counterclaimants herein and each and every purported Claim for Relief in the Counterclaim are barred by reason of acts, omissions, representations and courses of conduct by Counterclaimants by which Barry was led to rely to his detriment, thereby barring, under the doctrine of promissory estoppel, any Claims for Relief asserted by the Counterclaimants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Privilege – Good Faith Assertion of
Legally Protected Interests)

23. Counterclaimants herein and each and every purported Claim for Relief in the Counterclaim are barred from any recovery because the actions complained of by Counterclaimant were in good faith and related to Barry protecting his own interests with respect to the contract at issue.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Unstated Additional Defenses)

24. Barry presently has insufficient knowledge and information on which to form a belief as to whether there exist additional, as yet unstated, affirmative defenses. Barry expressly reserves herein the right to amend or supplement this Answer to allege additional defenses in the event that discovery indicates that such defense(s) would be appropriate.

### PRAYER

WHEREFORE, Plaintiff and Counterclaim-Defendant Barry prays for judgment against Defendants and Counterclaimants as follows:

1. That Defendants and Counterclaimants take nothing by way of their Counterclaim;
2. For the costs of suit herein;
3. For attorneys' fees as permitted by law; and

-11-
ANSWER TO COUNTERCLAIMS

4. For such other and further relief as this Court may deem just and proper.

DATED: August 31, 2015

**BROKER & ASSOCIATES PROFESSIONAL CORPORATION**

By: _____/s/_____
Jeffrey W. Broker
Attorneys for Plaintiff and Counterclaim-Defendant Yank Barry

-12-
ANSWER TO COUNTERCLAIMS.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case. My business address is: 18111 Von Karman, Suite 460, Irvine, California 92612-7152.

A true and correct copy of the foregoing document entitled: **ANSWER TO COUNTERCLAIMS OF EVANDER HOLYFIELD AND HOLYFIELD MANAGEMENT, INC. BY PLAINTIFF YANK BARRY** will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rule ("LR") 5-4.5; and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 31, 2015, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeffrey W Broker - jbroker@brokerlaw.biz**   ATTORNEY FOR PLAINTIFF
- **Lincoln D. Bandlow – lbandlow@foxrothoschild.com; vcordi@foxrothschild.com; a.turner@lathropgage.com; kbalzary@lathropgage.com**   ATTORNEYS FOR DEFENDANTS

**2. SERVED BY UNITED STATES MAIL**:
On …………, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LR, on (*date*) August 31, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

**The Hon. Otis D. Wright II,** 312 N. Spring Street, Los Angeles, CA 90017-4701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/31/2015 | Nancy Nakamura | /s/ Nancy Nakamura |
|---|---|---|
| Date | Printed Name | Signature |

-13-
ANSWER TO COUNTERCLAIMS