JEFFREY W. BROKER – State Bar No. 53226
BROKER & ASSOCIATES
PROFESSIONAL CORPORATION
18111 Von Karman Avenue, Suite 460
Irvine, CA 92612-7152
Telephone:  (949) 222-2000
Facsimile:  (949) 222-2022
email: *jbroker@brokerlaw.biz*

Attorneys for Plaintiff and Counterclaim
Defendant Yank Barry

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| YANK BARRY, an individual,<br>　　　　Plaintiff<br>vs.<br>EVANDER HOLYFIELD, an individual; HOLYFIELD MANAGEMENT, INC., a Georgia corporation, and DOES 1 through 30, inclusive,<br>　　　　Defendants<br><br>EVANDER HOLYFIELD, an individual; HOLYFIELD MANAGEMENT, INC., a Georgia corporation,<br>　　　　Counterclaim-Plaintiffs<br>vs.<br>YANK BARRY, an individual; and ROES 1 through 20, inclusive,<br>　　　　Counterclaim-Defendants | Civil Case No.  2:15-CV-03439-ODW (PLAx)<br><br>**PARTIES' JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**<br><br>**Scheduling Conference Set for Monday, September 21, 2015 at 1:30 p.m.** |

# JOINT RULE 26(f) REPORT

## 1. FACTUAL SUMMARY OF THE CASE

Plaintiff alleges that Plaintiff and the Defendants began a business relationship with one another in late 2012 that lasted until early 2014. Plaintiff alleges that as a part of that relationship, Plaintiff agreed to receive third party payments to Defendants and to remit them to Defendants in an orderly fashion, as well as to pay Defendants' ongoing legal and related expenses incurred in various litigation and business matters. Plaintiff alleges that by the end of 2013, the third party payments to Defendants that had been received by Plaintiff, when compared to the subsequent direct payments made by Plaintiff to Defendants and the payments of their legal and related expenses, were substantially in excess of the Plaintiff's cash receipts. Plaintiff alleges that as a result of this, on or about December 29, 2013, a promissory note and security agreement were executed by Defendants in the original principal amount of $621,133.00 which represented that differential. Plaintiff alleges that UCC-1 financing statements were recorded in Georgia, Florida and California perfecting the security interests granted under the security agreement. Plaintiff alleges that after giving Defendants credit against the promissory note for third party payments received after December 29, 2013, the principal amount of the note was reduced to $261,133.89, which is the amount prayed for in the First Claim for Relief.

Plaintiff alleges that further advances made by Plaintiff for the benefit of Defendants that are not reflected in the promissory note at the time of its execution in the form of direct payment to Defendants and payments of their legal and related expenses totaled an additional $155,566.50, which is the amount prayed for in the Second Claim for Relief. Plaintiff alleges that Plaintiff's compensation in connection with services rendered, also not reflected in the promissory note or in the further advances which make up the Second Claim for Relief, totaled an additional $55,000.00, which is the amount prayed for in the Third Claim for Relief. The Fourth,

Fifth and Sixth claims for relief pertain to the recovery of specific personal property securing the obligations of Defendants and the foreclosure thereof, with the proceeds to be applied against Plaintiff's claims.

Defendants deny that any monies are due to Plaintiff. In addition, in its Counterclaim, Defendants allege that in or about 2013, Plaintiff offered to assist Defendants with various financial and business matters and to do so for no monetary compensation because he believed that, in light of Defendant Evander Holyfield's substantial public stature, fame, and professional connections, Plaintiff's own professional reputation would be enhanced by being involved with Defendants. Defendants allege that Plaintiff coerced Mr. Holyfield to sign a promissory note prepared by Plaintiff and a related security agreement which purported to grant Plaintiff a security interest in all of Defendants' current and future property and assets. Defendants allege that when asked to provide an accounting of the funds which Plaintiff handled, and how those funds and the purported loans were disbursed or spent, Plaintiff failed to provide an accurate accounting, which is the basis for Defendants' first counterclaim for Accounting. Defendants allege that Plaintiff fraudulently induced them into entering into the promissory note, converted Defendants' funds and assets, and was unjustly enriched by unauthorized activities, which is the basis for Defendants' second, third, fourth and fifth counterclaims for Fraudulent Inducement, Conversion, Money Had and Received, and Goods and Services Rendered / Quantum Meruit.

**2. SYNOPSIS OF THE PRINCIPAL ISSUES**

Plaintiff's claims are based upon money loaned and services rendered to be established according to proof. Defendants' counterclaims are based upon fraudulent inducement, conversion, money had and received, and goods and services rendered / quantum meruit to be established according to proof.

**3.   ADDITION OF PARTIES AND AMENDMENTS TO PLEADINGS**

Plaintiff does not contemplate at this time the addition of any new parties to this action.  Defendants assert that the auction house that is currently in possession of certain memorabilia relevant to this action, Julien's Entertainment.com d/b/a Julien's Auctions, may needed to be added to this action or may itself interplead in the action.

**4.   STATEMENT AS TO ISSUES TO BE DETERMINED BY MOTION**

Plaintiff currently contemplates a Motion for Summary Adjudication on its monetary claims that are the subject of the First, Second and Third Claims for Relief in the underlying Complaint.  Defendant currently contemplates a Motion for Summary Judgment/Adjudication on its fraudulent inducement, conversion, money had and received, and goods and services rendered / quantum meruit counterclaims.

**5.   SETTLEMENT DISCUSSIONS**

The parties have discussed settlement and have agreed that a private mediator will be acceptable to them.

**6.   DISCOVERY**

Phase I:    Written Discovery

Phase II:   Party depositions of Evander Holyfield and Yank Barry.  It is contemplated that Mr. Holyfield will also be the PMK for the entity party.

Phase III:  Non-Party Percipient Witnesses

Third Party Records Subpoenas

Phase IV:   Expert Witness Depositions

**7.   JURY TRIAL**

Defendants have requested a jury trial.  The parties estimate the length of trial will be 5 days.

8.  **OTHER ISSUES AFFECTING STATUS OR MANAGEMENT OF THE CASE**

   None anticipated at this time.

9.  **PROPOSED DATES**

   (A) Discovery Cut-off                       4-21-2016
   (B) Initial Expert Report Cut-off           5-6-2016
   (C) Rebuttal Expert Report Cut-off          5-27-2016
   (D) Expert Discovery Cut-off                6-17-2016
   (E) Motion Hearing Cut-off                  7-18-2-16
   (F) Final Pretrial Conference               9-13-2016
   (G) Trial                                   9-27-2016

DATED: September 11, 2015           **BROKER & ASSOCIATES PROFESSIONAL CORPORATION**

                                    By: __/s/ Jeffrey Broker_____
                                        Jeffrey W. Broker
                                    Attorneys for Plaintiff and Counterclaim-Defendant Yank Barry

DATED: September 11, 2015           **FOX ROTHSCHILD LLP**

                                    By: __/s/ Lincoln Bandlow_____
                                        Lincoln D. Bandlow
                                    Attorneys for Defendants and Counterclaim-Plaintiffs Evander Holyfield and Holyfield Management, Inc.